LESTER (NATIONAL FIRE INS. CO. v.). See Case No. 10,043.

## Case No. 8,277.

### LESTER v. STANLEY.

[1 Brunner, Col. Cas. 58; 3 Day, 287.] [1]

Circuit Court, D. Connecticut. Sept., 1808.

JURY—SEPARATION AFTER CASE SUBMITTED AND BEFORE VERDICT.

If the jury separate after a case is committed to them, and before they have agreed on a verdict and afterwards return a verdict, it will be set aside.

[This was a suit by Timothy Lester against Frederick Stanley.]

After this case had been committed to the jury, and they were about to retire, LIVINGSTON, Circuit Justice, remarked that he understood it had sometimes been the practice with juries in this state to separate while they had a case under consideration. The rule of the common law requires them to be kept together until they have agreed on a verdict; and on looking at the statute we do not perceive that that varies it. The statute, indeed, appears to have been made in affirmance of the common law. The words are explicit: "And when the court have committed any case to the consideration of the jury, the jury shall be confined, under the custody of an officer appointed by the court until they are agreed on a verdict." [2] If they separate

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission. 3 Day, 287, contains only a partial report.]

[2] Title 6, c. 1, § 11. This clause was passed as early, at least, as 1702, for it appears in the edition of the statutes published that year, and has not since undergone the slightest variation. The courts for many years afterwards were astute to enforce a compliance with the injunction it contains. In the case of Nicols v. Whiting [1 Root, 443], before the superior court in Hartford county, September term, 1711, the parties having been heard and the issue committed to the jury, in the evening Richard Skinner, a constable and officer of the court, was charged to go out with them and attend them under this confinement, until they should have agreed on their verdict. The court then adjourned until the next morning, when the officer

before, and afterwards return a verdict, it will be set aside.

See Howard v. Cobb [Case No. 6,755]; Burrill v. Phillips [Id. 2,200].

came into court and gave information that the jury on the preceding evening, before they had agreed on any verdict, broke loose from their confinement, or in other words went out of the room to which he had conducted them, each one where he pleased. Upon which the officer was ordered to command their attendance in court forthwith. They accordingly appeared, acknowledge the fact, and offered their several excuses. Some of them said they thought it their duty to stay until they were agreed, and were willing to do so, but their fellows left them. Others alleged the carelessness of the officer as a palliation of their offense. The result was as follows, which I choose to give in the words of the record: "The court having considered the matter, the disorder of the jury in the liberty they have taken to scatter and disperse before they had agreed on any verdict, which is directly contrary to the law, and a great prejudice to the administration of justice in many respects, are unanimously of opinion not to receive any verdict made after the separation, either while they are so separate, or whensoever they can convene again. It is, therefore, resolved that the money they received of the plaintiff be returned to the plaintiff, which was accordingly done in court. And resolved that this action be continued to the next superior court to be holden in Hartford, the third Tuesday in March next, where it shall have a trial." R.

